The Memorandum Decision and Order below is hereby signed. Dated: February 11, 2008.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTIN F. McMAHON, | ) | Case No. 07-00612 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND
ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO
QUASH SUBPOENA AND DENYING MOTION FOR PROTECTIVE ORDER

The debtor has filed a motion seeking to quash a subpoena issued by counsel for Emily Jane Phifer to PNC Bank under Rule 2004, and the entry of a protective order limiting the scope of questions that may be asked of the debtor when he is examined at his own Rule 2004 examination tomorrow.

I

The subpoena to PNC Bank was not authorized by order of the court as required by Rule 2004. I will thus quash the subpoena without the necessity of a hearing.

II

The subpoena to PNC Bank may signal that when Phifer's counsel examines the debtor tomorrow, he intends to question the

debtor regarding all of the accounts named in the PNC Bank subpoena from November 15, 2004, to the present.  It is premature to rule on what is the proper scope of questions that may be posed to the debtor under Rule 2004.

A.

The debtor contends that several of the accounts are custodial accounts maintained for the benefit of certain clients; the debtor's IOLTA trust account; and his attorney escrow account.  He alleges that "[t]he disclosure of information regarding any of these accounts, without the consent of the client involved, is a violation of the attorney-client privilege, and must therefore be avoided."  Assuming that the privilege exists (which the court doubts exists with the breadth asserted by the debtor), it can be invoked by the debtor, when he is examined, in response to any question that he contends seeks information protected by the privilege.

B.

The debtor also challenges the propriety of examining him regarding events that date from November 15, 2004.  Often events three years ago shed light on a debtor's financial condition at the present (as would be the case if there was a contract formed then that still produces income for the debtor).  Again, however, this issue ought not be decided in advance of a record on which specific questions are asked.  The examination may elicit

information shedding light on the extent to which events dating from November 15, 2004, *are* a proper area of inquiry under Rule 2004.  Moreover, because the examination is to be held tomorrow, Phifer's attorney will have little time to formulate a response to the debtor's contentions.  If a particular question is barred by Rule 2004(b)'s limitation that a Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge," the debtor may object to the question on that basis and decline to answer the question.  The court will then have a concrete record on which to rule.

### III

It is thus

ORDERED that the Debtor's Emergency Motion to Quash Subpoena and for Entry of Protective Order is granted in part and denied in part as follows.  It is further

ORDERED that the Rule 2004 subpoena issued by Emily Jane Phifer's attorney to PNC Bank is quashed, without prejudice to the filing of a motion to permit issuance of such a subpoena.  It is further

ORDERED that the request for entry of a protective order is denied without prejudice to the debtor's raising objections to

(and declining to answer) questions posed to him at his own Rule 2004 examination that inquire into matter protected by the attorney-client privilege or that exceed the proper scope of a Rule 2004 examination of a debtor.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; and Daniel M. Kennedy, III, Esq.