The Memorandum Decision and Order below is hereby signed. Dated: April 10, 2008.



```
                                    _____
                                    S. Martin Teel, Jr.
                                    United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTIN F. McMAHON, JR., | ) | Case No. 07-00612 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | **Not for Publication in West** |
| | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

On January 12, 2008, the debtor served discovery relating to a motion for relief from the automatic stay in which the debtor's former wife, Emily Jane Phifer, sought permission to litigate her claims against the debtor in the Superior Court of the District of Columbia. No other contested matter was then pending in this court to which the discovery could have related.) On February 14, 2008, the court granted the motion for relief from the automatic stay prior to the responses to the discovery coming due. Phifer was entitled to treat the discovery request as a dead letter as the contest in which the discovery was sought was concluded, and no appeal was taken from the order disposing of the contest.

Nevertheless, the debtor has filed a motion to compel discovery.  Because the contest to which the discovery related, the motion for relief from the automatic stay, has been disposed of, there is no basis for compelling the discovery.

The debtor points to an objection he filed to Phifer's proof of claim on February 9, 2008, five days prior to the disposition of the motion for relief from the automatic stay, and contends that he needs the discovery to litigate his objection to Phifer's proof of claim.  But that objection to claim was not filed until well after the debtor filed his discovery requests on January 12, 2008, relating to Phifer's motion for relief from the automatic stay.  At the hearing on that motion, Phifer contended that the discovery was irrelevant to and unnecessary for purposes of disposing of the motion for relief from the automatic stay, and, in any event, the court agreed that no continuance was appropriate to permit the discovery to be concluded before hearing the motion.

Phifer was entitled to assume that if the debtor was going to seek discovery relating to the objection to claim, the debtor would identify the discovery as served incident to that objection to claim.  Even in the debtor's counsel's letter of February 29, 2008, requesting discovery responses and noting that a motion to compel would be filed if the discovery was not forthcoming, there was no mention of the objection to claim.  Phifer might well have

2

paid little attention to the discovery as it pertained to the motion for relief from the automatic stay, being of the view that the court would agree that it was irrelevant to that motion.  But if Phifer were alerted that the discovery was to be treated as relating to the objection to claim (and viewed it as relevant to that dispute), Phifer would have obviously devoted greater attention to the discovery (by beginning to formulate responses, locating documents, and so forth).

Phifer's counsel is not completely without blame, however. When he received the debtor's counsel's letter of February 29, 2008, he should have responded why Phifer was not required to respond to the discovery (namely, that the court had already disposed of the motion for relief from the automatic stay, the contest with respect to which the discovery had been sought). Whether intentional or not, his silence let the debtor's counsel proceed in his erroneous assumption that the discovery could be enforced as relating to another contest, the objection to claim. His opposition on behalf of Phifer to the motion to compel was six days late (perhaps leading the debtor to believe that Phifer acquiesced in treating the discovery as relating to the objection to claim, and delaying the debtor's correctly pursuing discovery relating to the objection to claim).

Phifer's counsel likely realized that the debtor now desired the discovery for purposes of defending against Phifer's claim,

not the already-granted motion for relief from the automatic stay, and should have made known to the debtor's counsel the fact that the disposition of the motion for relief from the automatic stay terminated the effectiveness of the discovery.  It is no answer that he assumed that by granting relief from the automatic stay, the court had decided that Phifer's claim would be adjudicated in the Superior Court instead of this court.  The matter is one of domestic relations law usually best left to the Superior Court to resolve.  But this court did not foreclose the litigation of the claim in this court should the demands of the bankruptcy case (such as confirmation of a plan) present a need (assuming this court could meet that need) for a more expeditious resolution of the claim than would occur in the Superior Court, and expressly so noted on the record.  Even if the court were to defer trying the objection to claim upon the assumption that the Superior Court would dispose of the matter in a time sufficient to meet the need in this bankruptcy case to have the amount of the claim fixed, that might not mean that the court would foreclose the debtor from obtaining the discovery he is pursuing.

    In Phifer's opposition to the motion to compel, she has included a request for a protective order.  But that type of request should have been filed as a separate motion and in order to assure the orderly resolution of such a request, in which all of the considerations pertinent to the issue can be ventilated in

an orderly fashion, the request will be stricken.

The appropriate way to handle this discovery matter, in which both parties are at fault, is to enter an order directing that the pending discovery shall now be treated as relating to the pending objection to Phifer's proof of claim, with Phifer's response time shortened to 14 days from the date of entry of this order.  If she decides to seek a protective order, she may do so within the 14 days, and need not respond pending disposition of the motion for a protective order.  It is accordingly

ORDERED that the precise relief sought by the debtor's motion to compel discovery and for sanctions is denied, but:

   A.  The debtor's pending discovery that related to the motion for relief from the automatic stay shall now be treated as relating to the pending objection to Phifer's proof of claim.

   B.  Phifer shall have 14 days from the date of entry of this Memorandum Decision and Order within which to respond to the discovery.

   C.  Within that 14 days, Phifer may, only after complying with LBR 7026-1(c), file a motion for a protective order seeking to stay the litigation of the objection to her proof of claim and the discovery in this court relating thereto pending disposition of the Superior Court litigation relating to Phifer's claim, and if she does so, the

5

    responses to the pending discovery need not be filed until 10 days after disposition of such a motion (if it is denied).

It is further

    ORDERED that the request for a protective order contained in Phifer's opposition to the motion to compel is stricken.

                                                [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Daniel M. Kennedy, III, Esq.